**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Juan Armas Morataya,<br><br>      Plaintiff,<br><br> -against-<br><br>Experian Information Solutions, Inc.,<br><br>      Defendant(s). | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

  Plaintiff Juan Armas Morataya, by and through counsel, and as for this Complaint against Defendant Experian Information Solutions, Inc. ("Experian" or "Bureau"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains, and alleges, upon information and belief, the following:

  1. Plaintiff brings this class action individually and on behalf of a class of all others similarly situated for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, also known as the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

  2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

  3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

  4. Plaintiff is a resident of the State of Illinois, County of Cook.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Experian is an Ohio corporation registered to do business in this State.

8. Experian may be served with process upon its registered agent at c/o C T Corporation System, 208 South Lasalle St, Suite 814, Chicago, IL 60604.

9. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Experian PLC, the parent company for Experian, is traded on the London Stock Exchange under the symbol EXPN.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of Illinois;

    b. for whom Experian noted in its credit file or credit reports as deceased;

    c. regarding an individual who, at the time, was not listed on the Death Master File as deceased;

    a. which deceased notation was listed on or after a date two (2) years prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it reports credit.

15. Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's reporting of living consumers as deceased violates 15 U.S.C. § 1681 et seq.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that

    the Plaintiff Class(es) defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class(es) and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's reporting of living consumers as deceased violates 15 U.S.C. § 1681 *et seq*.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class's members. The Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates the above allegations as if set forth here.

22. Plaintiff allegedly has or had an account with American Express account number ending in … 54773 ("Account").

23. On information and belief, on a date better known to Experian, it prepared and issued consumer reports concerning the Plaintiff that included the Account.

24. The Account was also listing Plaintiff as "Deceased".

25. Plaintiff is not deceased.

26. Plaintiff is very much alive.

27. The reporting of him being deceased is inaccurate.

28. Upon information and belief, the Social Security Administration (SSA) provides the Department of Commerce's National Technical Information Service (NTIS) a public file of death information.

29. NTIS distributes the public file of death information, also known as the public Death Master File (DMF), to other agencies and private organizations, including consumer reporting agencies.

30. Upon information and belief, the Bureau has a data exchange agreement with the SSA and/or NTIS to receive updated death information.

31. Upon information and belief, the Bureau failed to cross-check the DMF to verify whether Plaintiff was a part of the catalog of social security numbers that belong to deceased individuals.

32. Had the Bureau maintained reasonable procedures it would have realized that Plaintiff is not deceased.

33. Had the Bureau attempted to timely verify if Plaintiff was deceased, it would have realized he was in fact alive.

34. Experian had been reporting Plaintiff as deceased for many months.

35. However, Plaintiff's credit reports also show that he has been making regular payments on one or more of his accounts.

36. A deceased individual cannot make payments.

37. Experian was therefore on notice that Plaintiff was not deceased as evidenced by his recent payments.

38. Yet Experian failed to correct Plaintiff's credit report.

39. Plaintiff also disputed information in his credit reports with the Bureau.

40. A deceased individual cannot make such a dispute.

41. Experian was therefore on notice that Plaintiff was not deceased as evidenced by his dispute(s).

42. Yet Experian failed to correct Plaintiff's credit report.

43. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

44. In contrast to Experian, non-parties Equifax Information Services, LLC and TransUnion, LLC were not incorrectly reporting Plaintiff as deceased.

45. This further demonstrates Defendant's culpability.

46. Defendant has been incorrectly reporting the Account.

47. Experian has been reporting Plaintiff as deceased, which is obviously false and inaccurate.

48. On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included Account.

49. On information and belief, on date(s) better known to the Bureau, it issued credit reports with various erroneous information as described above and as further reflected in Plaintiff's credit reports, regarding the Account.

50. The information published by the Bureau is and was inaccurate.

51. The Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

52. The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

53. Defendant knew or had reason to know the information was inaccurate.

54. Had the Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

55. The Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

## *Damages*

56. As a result of Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

57. Defendant's erroneous reporting affected and continued to affect Plaintiff's reputation, creditworthiness, and credit score.

58. Plaintiff suffered damage to his reputation as it falsely appears as if he was deceased.

59. A deceased person is unable to obtain credit.

60. A deceased person does not have a credit score.

61. A deceased person does not have a reported credit history.

62. This false information was published to numerous third parties.

63. This information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

64. Plaintiff has, inter alia, suffered a decreased or completely absent credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having false information on his credit report, for credit denial and for having others see the false credit information.

65. Plaintiff was also denied multiple funding opportunities due to Defendant's actions.

66. Plaintiff was emotionally distraught and damaged, had difficulty sleeping, and difficulty staying asleep.

67. Plaintiff attempted to obtain funds from multiple sources but was denied from them all.

68. When Plaintiff applied for funding for a mortgage, he was denied because "Experian states that the borrower is deceased."

69. Plaintiff's mortgage could not be "reviewed, nor approved, until the issue with Experian is resolved."

70. When Plaintiff applied for funding from Sofi Bank, N.A., he was denied because Sofi was "unable to verify identity" for Plaintiff, because he was being reported as deceased.

71. Sofi also had Plaintiff's Experian credit score as 9001.

72. Credit scores range from 300 to 850.

73. A credit score of 9001 means the consumer is deceased.

74. Plaintiff was denied for credit from Macy's, because of "[i]nsufficient credit experience," because he was being reported as deceased.

75. Plaintiff was unable to obtain any credit because Experian was falsely reporting him as deceased.

## FIRST CAUSE OF ACTION
### (Violation of the FCRA as to the Bureau)

76. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

77. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

78. The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Bureau maintained concerning the Plaintiff.

79. The Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

80. The failure of the Bureau to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; and

   b) The failure to take adequate steps to verify information Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

81. As described above, and as a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

82. The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

83. In the alternative, the conduct, action, and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff, an individual, demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

85. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment, on behalf of himself and the Class, from Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

b) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

c) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

e) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

f) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

g) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

    h) For any such other and further relief as this Court may deem just and proper.

Dated: October 27, 2023

                                  **STEIN SAKS, PLLC**

                                  s/ Eliyahu Babad
                                  By: Eliyahu Babad
                                  One University Plaza, Suite 620
                                  Hackensack, NJ 07601
                                  (201) 282-6500 x121
                                  EBabad@SteinSaksLegal.com

                                  *Attorneys for Plaintiff*